UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACKSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DEBBIE ASUNCION, Warden,<br><br>　　　　Respondent. | Case No. CV 16-5583 PA (JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") and all of the records herein, including the May 2, 2019 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation" or "R&R") and petitioner's objections thereto filed on May 20, 2019 ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

///

Petitioner contends that the Magistrate Judge erred in deferring to the trial court's finding that witnesses Herrera and Tolai were unavailable to permit the admission of their prior trial testimony. (Objections at 1-7). Given the Court's deferential standard of review, the Court discerns no error. See Hardy v. Cross, 565 U.S. 65, 71-72 (2011) ("Under AEDPA, if the state-court decision was reasonable, it cannot be disturbed.").

Both witnesses had testified at petitioner's prior trials without issue and had been subject to cross-examination. The prosecutor made numerous, reasonable efforts to locate these witnesses for petitioner's current trial. Prior to trial, the prosecutor's investigator attempted to subpoena Herrera at known addresses and eventually was able to track down Herrera's son who advised that Herrera was in Mexico but would return before trial. Herrera did not return from Mexico by the start of trial, and subsequent calls to Herrera's son went unanswered. Tolai, who was in Las Vegas, had spoken with the prosecutor before trial and agreed to testify and a flight was booked for Tolai to appear. It was not until Tolai did not board the scheduled flight that the prosecutor had any indication that Tolai would not appear. The prosecutor sought the help of FBI agents to track down Tolai and, after several attempts and conversations with Tolai's employer, they were able to track Tolai down in Las Vegas, where Tolai advised that he would not come for trial due to financial reasons. See R&R at 7-10; Lodged Doc. 6 at 4-9. Although petitioner suggests the prosecutor could have done more to try to secure the attendance of these witnesses (see Objections at 2, 5-6), petitioner has not shown a probability that additional efforts would have led to the production of these witnesses at trial. See Ohio v. Roberts, 448 U.S. 56, 76 (1980) ("great improbability that [additional] efforts would have resulted in locating the witness, and would have led to her production at trial, neutralized any intimation that a concept of reasonableness required their execution"), abrogated on other grounds, Crawford v. Washington, 541 U.S. 36 (2004).

Under these circumstances, the Court cannot deem unreasonable the state courts' determination that Herrera and Tolai were "unavailable" to testify. Compare Windham v. Merkle, 163 F.3d 1092, 1102 (9th Cir. 1988) (witness was properly deemed unavailable where prosecutor made arrangements with witness to appear at trial, and after failed efforts to contact witness, prosecutor contacted witness's parole officer, had a bench warrant issued for witness's arrest, and assigned a criminal investigator to locate witness); Dres v. Campoy, 784 F.2d 996, 1000-01 (9th Cir. 1986) (prosecutor acted in good faith when he decided to use means other than the Uniform Act to Secure Attendance of Witnesses from Without the State, Cal. Penal Code § 1334, for procuring witness's attendance at trial, where prosecutor had no reason to suspect that a promise from the witness's mother would be an ineffective means for securing her daughter's testimony, and it appeared that the out-of-state witness was cooperative). Because the Court of Appeal's decision on the question of unavailability was reasonable, this Court may not overturn the Court of Appeal's decision. Hardy, 565 U.S. at 72.

IT IS THEREFORE ORDERED that the Petition is denied, this action is dismissed with prejudice and Judgment be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on petitioner and on respondent's counsel.

IT IS SO ORDERED.

DATED: May 23, 2019

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE